MED CORP., INC. Plaintiff

v.

CITY OF LIMA, et al., Defendants

No. 3:99CV7723.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 14, 2000.

James Paul Silk, Jr., David G. Wise, Spengler & Nathanson, Toledo, OH, for plaintiff.

Anthony L. Geiger, Lima, OH, for defendants.

## ORDER

PATRICK E. CARR, District Judge.

This is a § 1983 case filed by Plaintiff Med Corp., Inc. against Defendants City of Lima and Lima's Mayor David Berger (Mayor Berger) based on an alleged violation of the Fourteenth Amendment procedural due process clause. Pending is Lima's motion for summary judgment. (Doc. 12). For the following reasons, the motion shall be granted.

## BACKGROUND

In Lima, 911 emergency calls are dispatched to ambulance companies on a rotational basis. Pursuant to the Codified Ordinances of Lima, Chapter 840, plaintiff is licensed to provide ambulance services in Lima. In January 1999, after receiving its license, plaintiff was placed on Lima's rotational 911 list. There were, however, no written policies, regulations or contracts governing dispatch of 911 calls from the City of Lima to plaintiff.

On November 17, 1999, the City of Lima informed plaintiff by letter that it would temporarily cease dispatching 911 calls to plaintiff for one week from November 29, 1999 to December 5, 1999, because plaintiff responded to such calls late on three occasions. In response, on November 24, 1999, plaintiff filed the instant action to enjoin Lima from interrupting the dispatch of 911 calls. On November 24, 1999, I granted the temporary restraining order requested by plaintiff. (*See* Doc. 4). Defendant now moves to dissolve the temporary restraining order and for summary judgment in its favor.

## STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the non-moving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

In deciding a motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c).

## DISCUSSION

### I. Property Interest

■ Plaintiff argues that the City of Lima deprived it of its due process right by threatening to cease dispatching 911 calls for a period of one week. In particular, plaintiff claims that it has a protected property interest, which cannot be taken without due process, in its license under the Codified Ordinances of Lima, Chapter 840. Not receiving 911 calls for one week, plaintiff contends, will deprive it of this protected property interest. I disagree.

First, plaintiff's license does not pertain to dispatching 911 calls. The Codified Ordinances of Lima, Chapter 840, require all providers of ambulance services in Lima to be licensed. It does not, however, regulate the dispatch of 911 calls or entitle ambulance providers to receive 911 calls from the City. Plaintiff's license under Chapter 840, therefore, does not create a protected property interest in receiving 911 calls from the City of Lima.

Second, Lima was not obligated to dispatch 911 calls to plaintiff by contract or regulation. Rather, plaintiff received a benefit from the City when the City allowed plaintiff to serve as an ambulance provider in response to 911 calls.

■ A property interest in a benefit for the purposes of the due process clause under the Fourteenth Amendment of the Constitution is well defined in *Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Supreme Court recognized that "[t]he Fourteenth Amendment's procedural protection is a safeguard of the security of interests that a person has already acquired in specific benefits." *Id.* To have a property interest in a benefit, a person "must have more than an abstract need or desire for

it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. 2701. A "person's interest in a benefit is a 'property' interest for due process purposes if there are such rules of mutually explicit understanding that support his claim of entitlement to this benefit." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

The Sixth Circuit has placed particular emphasis on written regulations when determining whether a party has a protected property interest. For example, in *Lucas v. Monroe County*, 203 F.3d 964, 965 (6th Cir.2000), plaintiffs, wrecker service operators, were removed from a city tow call list without notice and hearing. Defendant, the city, had a written policy that did not provide notice and hearing for removing such operators. Nevertheless, plaintiffs filed a complaint alleging a due process violation of the Fourteenth Amendment.

The Sixth Circuit held that because there were no "established written procedures for suspension and removal," plaintiffs lacked a property interest for due process purposes. *Id.* at 978; *see also Bishop v. W.H. Wood, Etc*, 426 U.S. 341, 345–47, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (an employee who served "at the will and pleasure of a city had no entitlement under state law to his continued employment and therefore no property interest."); *Richardson v. Town of Eastover*, 922 F.2d 1152, 1157 (4th Cir.1991) ("where a license or similar benefit may be withdrawn at will, however, the holder of the license or benefit has no property interest because he has no legitimate claim of entitlement to something that can be withdrawn at the whim of the grantor.") (citing *Bishop*, 426 U.S. at 345–47, 96 S.Ct. 2074).

The importance of written policies was underscored further in *Bannum v. Town of Ashland*, 922 F.2d 197 (4th Cir.1990). In *Bannum*, the state orally approved the plaintiff to operate a half-way house for former inmates. After plaintiff started to

build the house, the state withdrew its approval and insisted that its actions were proper because it did not sign a written contract with plaintiff. The plaintiff then filed a due process claim seeking redress for its infringed property interest.

On appeal, the Fourth Circuit found that the state gave its approval to plaintiff on an informal request without a fee and that "there was no underlying ordinance, rule or procedure" governing the approval. *Id.* at 200. The Court further noted that nothing in the record suggested that the state "could not have withdrawn the approval at any time." *Id.* Accordingly, the Court concluded that "[c]ertainly, mere reliance on the approval did not elevate Bannum's interest into an entitlement." *Id.*

Likewise, in *Korbus v. Forsyth Twp. Police Dept.*, 1995 WL 549272 (N.D.Mich. Jul 05, 1995), the district court held that the plaintiff did not have a protected property interest. In *Korbus*, a wrecker service operator was removed without notice and hearing from the city call list. In deciding that no property interest existed, the court emphasized that "the protocol used by [the police department] to obtain wrecker services was not a statute or regulation. Rather, it was an informal system that did not specify the duration of relationship." *Id.* at *4.

Similarly, here, plaintiff did not have a protected property interest in receiving the City's 911 calls. The City's protocol to obtain ambulance services was not guided by statute or regulation. Instead, it was an informal system that did not specify the duration or terms of the relationship. Further, plaintiff did not have a mutually explicit understanding with the City that would support its claim of an entitlement to this benefit. Accordingly, I shall grant the City of Lima's motion for summary judgment.

## II. Liberty Interest

██ Plaintiff argues that by suspending its receipt of 911 calls for a week, the City will damage plaintiff's good name and rep-

utation. Specifically, plaintiff argues that by suspending the 911 calls, the City would infringe on plaintiff's right to pursue its chosen occupation. I disagree.

Here, if the city proceed to suspend sending 911 calls to plaintiff for one week, it would not impair plaintiff's right to obtain business in the future. Indeed, plaintiff could continue operate as an ambulance provider to entities other than the City of Lima during such a one-week interruption.

In *Bannum*, 922 F.2d at 201, the Fourth Circuit held that a "mere denial of a business or employment opportunity, without more, does not deprive a person of a liberty interest, for the ability to obtain future business or employment opportunities is not jeopardized." Thus, plaintiff's liberty interest would not be deprived if Lima were to cease dispatching 911 calls for one week.

Further, the City of Lima did not make public its intent to suspend plaintiff's 911 calls. Thus, as held by the Supreme Court in *Bishop*, 426 U.S. at 348, 96 S.Ct. 2074, it "cannot properly form the basis for a claim that petitioner's interest in his good name, reputation, honor or integrity" was impaired.

Accordingly, I shall grant the City's motion for summary judgment.

## III. Claim Against Mayor Berger

██ Plaintiff sued Mayor Berger both individually and in his official capacity. (*See* Doc. 1 at 1). The City contends that summary judgment on plaintiff's claims against the Mayor in his individual capacity is warranted because 1) the Mayor never acted in his individual capacity, and 2) the Fourteenth Amendment does not apply to individual actions. I agree. The Fourteenth Amendment protects property interest "only from a deprivation by state action." *Tulsa Professional Collection Servs. v. Pope*, 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Thus, Mayor Berger cannot be sued in his individual capacity.

Further, plaintiff cannot sue Mayor Berger in his official capacity because the City of Lima is the real party in interest. The Supreme Court ruled in *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than the name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)). *See also Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (official capacity claim against public officer is claim against the office held by that person, rather than against the particular individual who occupies that office at the time the claim arose).

Thus, I shall grant the City's motion for summary judgment on plaintiff's claim against the Mayor Berger in his official capacity.

### CONCLUSION

It is, therefore,

ORDERED that the City of Lima's motion for summary judgment (Doc. 12) is granted.

So ordered.